**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CHRISTOPHER EINECKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 21-cv-1041-DWD** |
| ) | |
| **WEXFORD HEALTH SOURCE, INC.,** ) | |
| **DR. DENNIS LARSON,** ) | |
| **NURSE WILLIAMS,** ) | |
| **DEBBIE ISSACS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Christopher Einecker, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Big Muddy River Correctional Center (Big Muddy). (Doc. 1). Plaintiff claims that the defendants were deliberately indifferent to his serious medical needs for treatment of an issue with his right ear, and that delayed treatment caused him permanent hearing loss. He requests declaratory, injunctive, and compensatory relief.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture,

the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).   However, conclusory statements and labels are insufficient.  Enough facts must be provided to state a claim for relief that is plausible on its face.  *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013).  The pleading standard does not require detailed factual allegations, but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

## The Complaint

Plaintiff alleges that from July 3, 2019, through approximately October 20, 2019, he suffered extreme pain in his right ear, which he frequently sought treatment for via established medical channels.  (Doc. 1 at 2-6).  Finally in October of 2019 he received antibiotics that reduced the pain, but subsequent visits to outside specialists established that he had permanent hearing loss, for which he was eventually given a hearing aid.

Based on the allegations in the Complaint, the court designates the following Counts:

> **Count 1:**   **Eighth Amendment deliberate indifference claim for the treatment of Plaintiff's ear condition against Dr. Larson, Nurse Williams, and Debbie Issacs (health care administrator); and,**
>
> **Count 2:**   **Eighth Amendment deliberate indifference against Wexford Health Source, Inc.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.  *See Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Discussion

Claim 1 is adequate to survive initial review against all three defendants for their role in providing Plaintiff with healthcare services.

By contrast, Claim 2 is insufficient and will be dismissed.  Although Plaintiff named Wexford Health Source, Inc., as a defendant in this action, he does not provide any factual allegations detailing Wexford's alleged role in a constitutional violation.  Bare legal assertions without factual elaboration are not sufficient to state a claim.  *See e.g., Twombly*, 550 U.S. at 555.

Wexford, a private corporation, cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself.  *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014); *see also Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).  Thus, under *Monell*, for Plaintiff to recover from Wexford, he must show that the alleged constitutional violation was caused by: (1) an express policy that caused a constitutional deprivation when enforced; (2) a widespread practice that was so permanent and well-settled that it constituted a custom or practice; or (3) a person with final policymaking

authority. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). In other words, a plaintiff must show that "systematic and gross deficiencies in …[IDOC's] medical care system," caused his injury, and also that "a policymaker or official knew about these deficiencies and failed to correct them." *Daniel v. Cook Cty.*, 833 F.3d 728, 735 (7th Cir. 2016). Alternatively, a plaintiff must show that "the unlawful practice was so pervasive that acquiescence on the part of policymakers was apparent and amounted to a policy decision." *Dixon v. Cty. Of Cook*, 819 F.3d 343, 348 (7th Cir. 2016).

Here, Plaintiff has no factual allegations concerning a violative policy or custom. In the complete absence of specific allegations, Plaintiff has failed to state a valid claim. Thus, Claim 2 does not survive §1915A review, and it will be dismissed without prejudice.

## Motion for Counsel

In his Motion for Counsel (Doc. 3) Plaintiff indicates that he has sent letters to several attorneys, and he attached responses declining representation. Plaintiff claims that he has a limited knowledge of the law, and his highest level of education completed is the 11th grade. Despite Plaintiff's legitimate concerns, he has done an excellent job preparing his pleading at this early stage of litigation, so the Court finds that it is not yet necessary to appoint an attorney. *See Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (the decision to appoint counsel depends on the difficulty of the case and plaintiff's competency to represent him or herself). Here, the claims have not yet proven too difficult for Plaintiff to represent himself. Therefore, Plaintiff's Motion for Counsel (Doc.

3) will be **DENIED** without prejudice.  Plaintiff may renew his motion later in the litigation if it is necessary.

<u>Disposition</u>

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives initial screening as described above.  **Claim 2** against Wexford Health Source, Inc., will be **DISMISSED** without prejudice.  The Clerk of Court is directed to **TERMINATE** Defendant Wexford Health Source, Inc. from this lawsuit because there are no remaining claims against this defendant. Plaintiff's Motions for Status (Doc. 10, 11) will be **DENIED** as **MOOT**.  Although Plaintiff had sufficient funds to pay his filing fee in this case, the Court recognizes that his financial status is similar to that of an indigent inmate, and so the Court will provide service of process on his behalf.

The Clerk of Court is **DIRECTED** to prepare for Defendants Dr. Larson, Nurse Williams, and Debbie Issacs: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not

known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 7 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

Dated: February 10, 2022

_____
DAVID W. DUGAN
United States District Judge

Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.